

**Vanessa R. Tiradentes**

vtiradentes**@gouldratner.com**
**(312) 899-1628**   **O**
(312) 701-4879   **M**
(312) 236-3241   **F**

February 20, 2026

**VIA ECF**
The Honorable Valerie Figueredo
Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re:  In Re: Subpoena to Lincoln International LLC, Case No. 1:26-cv-00543-LTS-VF

Your Honor:

We write on behalf of Lincoln International LLC ("Lincoln") in the above-referenced matter to request leave to file under seal the Declaration of Robert Brown in Support of Lincoln International LLC's Response in Opposition to Fanatics' Motion to Compel (the "Declaration"), which Memorandum of Law is being filed concurrently herewith.

The Declaration addresses, and necessarily describes in detail, the contents of a February 2021 email exchange involving Robert Brown, which email exchange was filed by Fanatics as Exhibit 4 to the Declaration of Michael B. Carlinsky in Support of Fanatics' Motion to Compel. (*See* ECF No. 34-4.). Notably, Fanatics filed Exhibit 4 under seal. The Exhibit identifies the nature of the inquiry from a potential buyer's representative, the confidential financial information that was communicated and recounts the circumstances under which that information was obtained and relayed. Public filing of the Declaration would therefore undermine the purpose of sealing Exhibit 4, as it would place on the public record the very information that Fanatics itself filed under seal. Lincoln takes no position on whether the Declaration should remain sealed following resolution of the Motion to Compel.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed…." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citation omitted). "The presumption of public access in filings submitted in connection with discovery . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also Royal Park Invs. SA/NV v. Deutsche Bank*

February 20, 2026
Page 2

*Nat'l Tr. Co.*, 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016) (the presumption of public access to documents submitted in connection with a motion to compel is "entitled only to modest weight."). Sensitive business information is one of the "higher values" that courts recognize may warrant sealing. *See Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386VSBKHP, 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023).

Pursuant to Your Honor's Individual Practices, Lincoln will file its proposed sealed version of the Declaration and a public, redacted version of the Declaration electronically through the Court's ECF system.

Respectfully submitted,

*/s/ Vanessa R. Tiradentes*
Vanessa R. Tiradentes

cc:    All Counsel of Record via ECF

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: February 24, 2026**

The motion to seal is GRANTED. The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF No. 46. The Clerk of Court is further directed to terminate the motion at ECF No. 41.