**quinn emanuel** trial lawyers | new york

<u>**Via ECF**</u>

The Honorable Laura Taylor Swain                                    March 30, 2026
Chief District Judge
Southern District of New York

Re:    *Fanatics, LLC, et al. v. Lincoln International LLC*, No. 1:26-cv-543-LTS-VF (S.D.N.Y.)

Dear Judge Swain:

        We write on behalf of Fanatics in the above-referenced matter to request permission to file under seal unredacted versions of Fanatics' concurrently filed Letter in Further Support of its Motion to Compel ("Letter") and Exhibits 26 and 27 thereto.  The Letter summarizes and attaches Exhibits 26 and 27, which are documents that non-party Panini America, Inc. produced and designated "Highly Confidential" pursuant to the Confidentiality Stipulation and Protective Order entered in the underlying action. *See* ECF No. 160 ("Protective Order"), *Panini America, Inc. v. Fanatics, Inc. et al.*, No. 1:23-cv-09714-LTS-VF (S.D.N.Y. 2023).[1]  Exhibit 26 is a presentation prepared by Lincoln International LLC, which contains what Fanatics understands to be non-public market analyses and strategic information regarding a potential M&A transaction involving Panini. Exhibit 27 is an email thread involving Lincoln International LLC and Panini, which contains confidential discussions concerning a potential M&A transaction involving Panini.  Fanatics therefore submits that good cause exists for sealing.

        In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed[.]"  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006).  Protecting sensitive business information, such as "internal analyses" and "business strategies," is among the "higher values consistently recognized by courts in this Circuit" as a "countervailing factor that can prevail over the presumption of public access."  *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations omitted); *see Sec. & Exch. Comm'n v. Telegram Grp. Inc.,* No. 19-CV-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (collecting cases).

        Pursuant to Your Honor's Individual Practices In Civil Cases, Fanatics will file sealed versions of the Letter and Exhibits 26 and 27 thereto with the proposed redactions highlighted in yellow, provide copies of the same via email, and file redacted versions on the docket.

---

[1]  Panini has consented to Fanatics' use of these documents for purposes of this submission.

Respectfully submitted,


*/s/ Michael B. Carlinsky*
Michael B. Carlinsky
Quinn Emanuel Urquhart & Sullivan LLP
295 Fifth Avenue
New York, NY 10016
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

*Counsel for Fanatics*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: April 1, 2026**

The motion to seal is GRANTED. The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF No. 51. The Clerk of Court is further directed to terminate the motion at ECF No. 50.

2