

**Vanessa R. Tiradentes**

vtiradentes**@gouldratner.com**
**(312) 899-1628**    **O**
(312) 701-4879    **M**
(312) 236-3241    **F**

April 3, 2026

**VIA ECF**
The Honorable Laura Taylor Swain
Chief District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *Fanatics, LLC, et al. v. Lincoln International LLC*, No. 1:26-cv-543-LTS-VF (S.D.N.Y.)

Your Honor:

We write on behalf of Lincoln International LLC ("Lincoln") in the above-referenced matter to request permission to file under seal an unredacted version of Lincoln's concurrently filed Letter in Response to Fanatics' Supplemental Letter (ECF No. 52) ("Letter Response").

The Letter Response addresses, and necessarily describes in detail, the contents of Exhibits 26 and 27 to Fanatics' Supplemental Letter. (ECF No. 52.) Fanatics has explained that Exhibits 26 and 27 are "documents that non-party Panini America, Inc. has produced and designated 'Highly Confidential' pursuant to the Confidentiality Stipulation and Protective Order entered in the underlying action." (*See* ECF No. 50 at 1.) Notably, Fanatics filed its Supplemental Letter and Exhibits 26 and 27 under seal. As explained by Fanatics, "Exhibit 26 is a presentation prepared by Lincoln International LLC, which contains what Fanatics understands to be non-public market analyses and strategic information regarding a potential M&A transaction involving Panini." (*Id.*) And "Exhibit 27 is an email thread involving Lincoln International LLC and Panini, which contains confidential discussions concerning a potential M&A transaction involving Panini." (*Id.*) Public filing of the Letter Response would therefore undermine the purpose of sealing Fanatics' Supplemental Letter and Exhibits 26 and 27, as it would place on the public record the very information that Fanatics itself filed under seal. Lincoln therefore contends that good cause exists for sealing.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed…." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citation omitted). "The presumption of public access in filings submitted in connection with discovery . . . is

April 3, 2026
Page 2

generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016) (the presumption of public access to documents submitted in connection with a motion to compel is "entitled only to modest weight."). Sensitive business information is one of the "higher values" that courts recognize may warrant sealing. *See Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386VSBKHP, 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023).

Pursuant to Your Honor's Individual Practices, Lincoln will file a sealed version of the Letter Response with the proposed redactions highlighted in yellow, provide copies of the same via email, and file the redacted version on the docket.

Respectfully submitted,


*/s/ Vanessa R. Tiradentes*

Vanessa R. Tiradentes
Gould & Ratner. LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60606
vtiradentes@gouldratner.com
(312) 236-3003

cc:    All Counsel of Record via ECF