

**Vanessa R. Tiradentes**

vtiradentes**@gouldratner.com**
**(312) 899-1628**   **O**
(312) 701-4879   **M**
(312) 236-3241   **F**

April 3, 2026

**VIA ECF**
The Honorable Laura Taylor Swain
Chief District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *Fanatics, LLC, et al. v. Lincoln International LLC*, No. 1:26-cv-543-LTS-VF (S.D.N.Y.)

Your Honor:

Lincoln International LLC ("Lincoln U.S.") respectfully submits this letter in response to Fanatics' supplemental letter dated March 30, 2026 (ECF No. 52). In its supplemental letter, Fanatics submits two documents that it contends further support its motion to compel Lincoln U.S. to comply with Fanatics' subpoena. Contrary to Fanatics' suggestion, these two documents are entirely consistent with the positions set forth in Lincoln U.S.'s Response in Opposition (ECF No. 42) and reinforce the point that Lincoln U.S. has maintained from the outset: Lincoln U.S. does not possess, control, or have the legal right to obtain the documents Fanatics seeks from Lincoln International S.r.l. ("Lincoln Italy").

First, ███████████████████████████████ (Exhibit 26) does not establish that Lincoln U.S. and Lincoln Italy freely exchange documents in the regular course of business. To support its argument that "Lincoln U.S. executives played a recurring role in the Panini engagement," Fanatics emphasizes that █████████████████████████████████ (ECF No. 52 at 1-2.) But that characterization collapses under closer examination of the document, ███████████████████ (Exhibit 26 at 2.) ████████████████████████████████████████████████████████████████████████████ (*Id.*) ████████████████████████████████████████ (*Id.*) That limited role is consistent with what Lincoln U.S. has repeatedly explained: to the extent any Lincoln U.S. personnel were involved in the Panini transaction, their role was limited to facilitating introductions with Lincoln Italy and does not demonstrate that Lincoln U.S. had any possession, custody, or control over deal documents.

April 3, 2026
Page 2

Fanatics' reliance on ████████████████████████████████████ fares no better. For the reasons set forth in Lincoln U.S.'s Response (ECF No. 42 at 7-8), ███████████████████████████████████████████████████████████████ do not establish that Lincoln U.S. has possession, custody, or control over Lincoln Italy's documents. *See Cheyne Cap. US, LP v. MPT Props. Tr., Inc.*, No. 24-MC-218 (VEC), 2024 WL 3644316, at *6 (S.D.N.Y. July 31, 2024) (overlapping compliance leadership, a unified global website, shared email domains, and common branding did not demonstrate that the entities routinely exchanged documents in the ordinary course of business or otherwise establish control).

Second, the ████████████████████████████████████████████████████████████████ (Exhibit 27) also fails to establish control. This email reflects the same conduct addressed in the parties' briefing concerning the Rob Brown correspondence. As with the Rob Brown email exchange, Exhibit 27 shows only that ████████████████████████████████████████████████████████████████████████ As Lincoln U.S. previously explained, such communications reflect limited, permission-based facilitation, not a free flow of documents between affiliates. (*See* ECF No. 42 at 9-10.) Courts have held that this type of limited exchange is insufficient to establish possession, custody, or control. *See Linde v. Arab Bank, PLC*, 262 F.R.D. 136, 142 (E.D.N.Y. 2009) (holding that the exchange of limited information between entities, even if routine, does not constitute evidence of a free flow of documents).

Finally, it is significant that both documents Fanatics now relies on were produced by Panini itself in the underlying litigation, confirming that the materials Fanatics seeks through its subpoena are duplicative of documents already being produced by a party to the case. Lincoln U.S. has offered to search its own custodian's communications for responsive materials, but Fanatics has never provided a list of custodians or search terms. (*See* ECF No. 42 at 4.) Instead, it continues to insist that Lincoln U.S. must access, search, and produce documents belonging to Lincoln Italy. This demand exceeds the scope of Lincoln U.S.'s discovery obligations. Fanatics is not without recourse; it remains free to seek discovery from Panini in the underlying litigation or from Lincoln Italy directly.

April 3, 2026
Page 3


       In sum, Fanatics' supplemental letter and attached exhibits do not change the analysis. Lincoln U.S. does not have possession, custody, or control over Lincoln Italy's documents, and Fanatics' Motion to Compel should be denied.


Respectfully submitted,


*/s/ Vanessa R. Tiradentes*
Vanessa R. Tiradentes
Gould & Ratner. LLP
222 N. LaSalle Street
Suite 300
Chicago, IL  60606
vtiradentes@gouldratner.com
(312) 236-3003

cc:    All Counsel of Record via ECF