

**Vanessa R. Tiradentes**

vtiradentes**@gouldratner.com**
**(312) 899-1628    O**
(312) 701-4879    **M**
(312) 236-3241    **F**

June 5, 2026

**VIA ECF**
The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007

Re:    *Fanatics, LLC, et al. v. Lincoln International LLC*, No. 1:26-cv-543-LTS-VF (S.D.N.Y.)

Dear Judge Figueredo:

We respectfully submit this letter on behalf of non-party Lincoln International LLC ("Lincoln") in opposition to Fanatics' June 4, 2026 Letter Motion (ECF No. 65), in which Fanatics seeks leave to file a brief response to the Supplemental Declaration of Ryan Burandt (ECF No. 64), or, in the alternative, requests leave to depose Mr. Burandt. Both requests should be denied.

To start, the Supplemental Declaration of Ryan Burandt (ECF No. 64) was filed on June 2, 2026, solely in response to the Court's May 21, 2026 Order (ECF No. 63), which directed Lincoln to file a supplemental declaration addressing the issues identified therein. The declaration was court-ordered—not a voluntary submission—and provides no basis for Fanatics to demand additional briefing. Fanatics had a full and fair opportunity to present its arguments in support of its Motion to Compel (ECF No. 31), and Lincoln filed its opposition supported by the original Burandt Declaration (ECF No. 44). The supplemental declaration simply complied with the Court's directive and does not open a new round of briefing.

Second, Fanatics' request to file a "brief response" is procedurally improper. The motion to compel has been fully briefed. Indeed, Fanatics has already supplemented its motion once—filing a supplemental letter on March 30, 2026 (ECF No. 52) without leave of Court, to which Lincoln responded (ECF No. 57). The Court's May 21 Order did not invite or authorize additional briefing from Fanatics—it directed Lincoln to provide supplemental factual information. Fanatics' characterization of the supplemental declaration as evasive or inadequate is argument—not a basis for reopening the briefing schedule. The motion is fully briefed and ripe for decision, and Fanatics should not be permitted to unilaterally expand the briefing on a fully submitted motion.

Third, Fanatics' request for leave to depose Mr. Burandt is extraordinary, unsupported, and should be denied. There is no legal authority or factual predicate for deposing a non-party's in-house counsel in connection with a subpoena enforcement dispute. Mr. Burandt submitted his

June 5, 2026
Page 2


sworn declaration under penalty of perjury, and Fanatics suggestion that a deposition is needed to "assess credibility" has no basis in the law. Deposing declarants on the contents of their sworn declarations is not the norm in subpoena disputes, and Fanatics offers no authority supporting such extraordinary relief.

For the foregoing reasons, Lincoln respectfully requests that the Court deny Fanatics' letter motion (ECF No. 65) in its entirety.

Respectfully submitted,

*/s/ Vanessa R. Tiradentes*
Vanessa R. Tiradentes
Gould & Ratner. LLP
222 N. LaSalle Street
Suite 300
Chicago, IL  60606
vtiradentes@gouldratner.com
(312) 236-3003

cc:     All Counsel of Record via ECF