

**Vanessa R. Tiradentes**

vtiradentes@**gouldratner.com**
**(312) 899-1628**   **O**
(312) 701-4879   **M**
(312) 236-3241   **F**

July 26, 2026

**VIA ECF**
The Honorable Valerie Figueredo
United States Magistrate Judge

Re:    *Fanatics, LLC, et al. v. Lincoln International LLC*, No. 1:26-cv-543-LTS-VF (S.D.N.Y.)

Dear Judge Figueredo:

Lincoln U.S. submits this letter in response to Fanatics' July 24, 2026 letter (ECF No. 73), which does not alter the central defect in Fanatics' motion: Fanatics has not demonstrated that Lincoln U.S. has custody, possession, or control of the documents it seeks. (*See* ECF No. 42 at 7–14.) That threshold showing—not GDPR risk, indemnity, or Hague Convention timing—is dispositive, and Fanatics has not made it.

Separately, although Lincoln Italy is not a party to this litigation, as part of the Court's requested compromise discussions, it has offered to cooperate in two concrete ways:

(i)    not objecting to production if served through the Hague Evidence Convention, the more efficient and legally compliant path;[1] or

(ii)    voluntarily producing responsive documents if indemnified.

These are the only paths a responsible entity subject to EU data protection law can offer when asked to transfer personal data abroad for foreign litigation.

Against this backdrop, the record reflects consistent, good-faith advocacy of these concerns—not the "gamesmanship" or reversal Fanatics alleges. Lincoln U.S. first requested cost-shifting and indemnification for this exposure on February 20, 2026 (ECF No. 42 at 15–16) and reiterated it through July 21 (ECF No. 70, Ex. 1); it raised the underlying GDPR objection in its November 2025 responses and again in its February 2026 opposition, then supplemented it with a sworn declaration from Italian counsel once that review was complete. Lincoln U.S.'s statements have likewise remained consistent throughout: that affiliates exchange ordinary business communications in the normal course speaks to corporate structure, not to whether Lincoln U.S. has the practical ability to search, collect, and produce the bulk transfer of files Fanatics now seeks,[2] and Fanatics identifies no statement that says otherwise. Tellingly, Fanatics states it consulted its own GDPR expert in concluding that no indemnification was warranted (ECF No. 72 at 3), yet has not offered that expert to rebut the sworn declaration of Lincoln Italy's GDPR counsel now before the Court. Its reliance on *Wultz v. Bank of China Ltd.*, 942 F. Supp. 2d 452, 460

---

[1] Lincoln U.S. proposed that Fanatics serve a Hague Evidence Convention request on Lincoln Italy last fall. Fanatics instead chose to spend eight months litigating a motion to compel, and any resulting delay in obtaining documents is the consequence of that choice.

[2] GDPR does not prohibit real-time emails between affiliated employees; it regulates the *transfer* of personal data to a third party, with exposure scaling with the volume of data transferred – precisely the distinction between the ordinary affiliate communications Fanatics cites and the bulk production of files it now seeks (ECF No. 72 ¶¶ 4, 6).

Page 2

(S.D.N.Y. 2013), is also premature: that case addressed a *party*, not a *non-party* subpoena recipient entitled to heightened protection under Rule 45, and its burden-shifting framework presupposes a threshold showing of possession, custody, or control that Fanatics has not made here.

Finally, Fanatics' proposed "produce now, address indemnification later" compromise overlooks that GDPR liability can arise years after a transfer. (ECF No. 72 ¶ 7.) If, as Fanatics suggests, these risks are illusory, an indemnity now costs Fanatics nothing and resolves the issue at the outset rather than deferring it. Lincoln U.S. respectfully requests that the Court deny the motion for failure to establish custody, possession, or control or, alternatively, consider the paths Lincoln Italy has identified, consistent with the protections Rule 45(d)(1) affords a non-party.

Respectfully submitted,

*/s/ Vanessa R. Tiradentes*
Vanessa R. Tiradentes