Vanessa R. Tiradentes
vtiradentes@gouldratner.com
(312) 899-1628 O
(312) 701-4879 M
(312) 236-3241 F

August 24, 2026

**VIA ECF**
The Honorable Valerie Figueredo
United States Magistrate Judge

Re: *Fanatics, LLC, et al. v. Lincoln International LLC*, No. 1:26-cv-543-LTS-VF (S.D.N.Y.)

Dear Judge Figueredo:

We write in response to Fanatics' August 21, 2026 letter (ECF No. 75). Lincoln U.S. respectfully requests that the Court deny the Motion and decline to enter Fanatics' proposed order. Lincoln U.S. does not possess, have custody of, or control over the requested documents and has no legal right to require Lincoln Italy to produce them. Lincoln U.S. maintains its position that Fanatics should pursue appropriate Hague Convention procedures directed to Lincoln Italy, an option that has been available to it for months and would allow Fanatics to obtain the documents it seeks while sparing Lincoln Italy exposure to liability under the GDPR and related privacy laws. Nevertheless, and consistent with the voluntary compromise the Court proposed at the July 1 hearing, Lincoln Italy has offered to voluntarily collect, review, and produce responsive, nonprivileged documents, subject to an enforceable agreement between Fanatics, Lincoln U.S., and Lincoln Italy addressing costs, indemnification, production parameters, and compliance with applicable EU and Italian data protection laws. Lincoln U.S. therefore requests that the Court deny the Motion and decline to enter Fanatics' proposed order to allow the parties to finalize the agreement and commence production.

**Lincoln Italy's Proposal**

As the Court is aware, Lincoln U.S. does not possess, have custody of, or control the documents at issue. (*See* ECF Nos. 42, 44, 45, 64.) Nevertheless, and without conceding that the Motion is properly directed at Lincoln U.S., Lincoln Italy has offered to voluntarily produce non-privileged, responsive documents and communications, subject to execution of an appropriate agreement between Fanatics, Lincoln Italy, and Lincoln U.S. Because Lincoln Italy is a non-party foreign entity under no legal obligation to comply with a U.S. court order, the agreement would provide Lincoln Italy with an enforceable contractual mechanism for Fanatics' indemnity and cost obligations. Fanatics' proposed order does not and cannot provide such protections. In exchange for Fanatics' withdrawal of the Motion with prejudice and Fanatics bearing all costs and providing indemnification against any claims, fines, or sanctions arising from or relating to the production or transfer under applicable EU and Italian data protection and privacy laws, including the GDPR, Lincoln Italy will begin rolling production upon execution of the agreement. The detailed terms are set forth in the attached Exhibit A.

Lincoln U.S. has consistently requested cost-shifting and protection against the costs and liabilities associated with production under applicable EU and Italian data protection and privacy laws, including the GDPR. Lincoln U.S. first raised this issue in its February 20, 2026 opposition to the motion to compel (ECF No. 42 at 15-16) and reiterated it in its July 22 and July 26 letters

(ECF Nos. 71, 74). The Terragni Declaration detailed the risks under the relevant privacy laws, illustrating precisely why the request for indemnification is necessary and why these risks cannot simply be addressed "later," as Fanatics suggests. (ECF No. 72.) GDPR liability can arise years after a transfer, and Fanatics' proposed approach of "produce now, address indemnification later" provides no meaningful protection for Lincoln Italy.

**Fanatics' Characterizations Are Inaccurate**

Fanatics portrays Lincoln as having "delayed resolution for weeks" and "never shared the details of its concerns." (ECF No. 75 at 1.) That characterization is inaccurate. Lincoln U.S. communicated Lincoln Italy's willingness to produce documents with indemnification on July 7, 2026. Fanatics ignored that request for weeks and now implicitly concedes it was reasonable by agreeing to provide indemnification in principle. Fanatics did not share its preliminary search terms until July 16, and those search terms confirmed that all proposed custodians were Lincoln Italy employees located in Italy; no Lincoln U.S. employee has been identified as a custodian for documents related to the Panini Italy engagement. After sharing these preliminary search terms, Fanatics rejected the indemnity request and suggested a path forward without one, which required Lincoln U.S. to evaluate that proposal with Lincoln Italy and Italian counsel. On July 20, Lincoln U.S.'s counsel requested a brief extension due to a death in her family; Fanatics refused and instead filed ECF No. 70 the next day. Lincoln U.S. nevertheless responded within 24 hours (ECF No. 71), accompanied by the Terragni Declaration (ECF No. 72), which explained why the issues required careful review and treatment under applicable EU and Italian law.

Despite the detailed explanation in the Terragni Declaration, Fanatics did not engage on indemnification terms. The parties did not discuss indemnification again until August 20—nearly a month later—when Fanatics made its first indemnification offer demanding a same-day response and full production by August 28. (ECF No. 75, Ex. A.) This was a plainly unworkable timeline given that keyword searches, temporal scope, custodian identification, responsiveness and privilege review, and privacy and cross-border transfer safeguards had not yet been agreed upon. Lincoln U.S.'s counsel responded the very next morning, notwithstanding another death in her family, expressing willingness to discuss a compromise. Rather than allow that compromise to proceed, Fanatics filed ECF No. 75 that same day. The delay in reaching agreement is attributable to Fanatics' refusal to engage with the indemnification proposal for seven weeks, not to any conduct by Lincoln.

**Fanatics' Motion Should Be Denied and the Court Should Reject Fanatics' Proposed Order**

Fanatics' Motion should be denied entirely because Fanatics has failed to establish that Lincoln U.S. has possession, custody, or control over the requested documents. (*See* ECF Nos. 42, 44, 45, 64.) But even if the Court were inclined to proceed otherwise, Fanatics' proposed order (ECF No. 75, Ex. B) is unnecessary given Lincoln Italy's voluntary compromise and is otherwise problematic for several reasons. The proposed order would: (1) transform Lincoln Italy's conditional, voluntary cooperation into compelled production by Lincoln U.S., an entity that does not have possession, custody, or control over the requested documents; (2) impose a September 21 deadline before agreement on final custodians, keywords, temporal scope, responsiveness and privilege review, and privacy and cross-border transfer safeguards; (3) require production to proceed while indemnity remains unresolved; and (4) give Lincoln Italy no contractual mechanism

to enforce Fanatics' indemnity and cost obligations. Any one of these defects renders the proposed order entirely inappropriate.[1] Accordingly, the Court should decline to enter it.

**Relief Requested**

Lincoln U.S. respectfully requests that the Court: (a) deny the Motion and decline to enter Fanatics' proposed order, and direct Fanatics to pursue appropriate Hague Convention procedures against Lincoln Italy, which Lincoln Italy has stated it will not oppose; (b) in the alternative, deny the Motion given Lincoln Italy's willingness to voluntarily produce non-privileged, responsive documents and communications subject to a reasonable, fully executed agreement between Lincoln U.S., Lincoln Italy, and Fanatics; or (c) in the further alternative, hold the Motion in abeyance for fourteen (14) days to allow the parties to finalize the agreement and commence production.

Respectfully submitted,

*/s/ Vanessa R. Tiradentes*
Vanessa R. Tiradentes

[1] After receiving Lincoln Italy's proposal with respect to a binding agreement, Fanatics transmitted a proposal on August 23, 2026 (Ex. B), which suffers from the same fundamental defects. Fanatics' proposal would: (1) require a binding term sheet within 48 hours—an insufficient timeframe for a non-party foreign entity to finalize enforceable GDPR protections with Italian counsel; (2) commit unresolved indemnification terms to the Court for "binding resolution," transforming Lincoln Italy's voluntary accommodation into court-compelled compliance; (3) require rolling production to commence by August 28, before any indemnification agreement is executed; (4) impose a September 21 completion deadline before agreement on custodians, search terms, temporal scope, or responsive volume; and (5) accept Fanatics' July 16 search terms without further negotiation based on hit reports. Lincoln Italy has consistently sought execution of a binding agreement as a condition precedent to production. Fanatics' proposal would eliminate that protection.